### H. KAFFENBERGER v. THE STATE.

*No. 596.   Decided February 16.*

**Dogging Stock—Insufficient Fence—Hog Law—Parol Evidence.**—On a prosecution under article 685, Penal Code, for dogging stock in an inclosure surrounded by an insufficient fence, where the defense was the existence of the hog law, *Held,* that the adoption and existence of said law could not be proved by parol evidence, and could only be established by matters of record.

APPEAL from the County Court of Fort Bend.   Tried below before Hon. M. J. HICKEY, County Judge.

This appeal is from a conviction for dogging stock in an inclosure surrounded by an insufficient fence, the punishment assessed being a fine of $10.

No statement necessary.

*F. M. O. Fenn, James Slyfield,* and *C. C. Everett,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant offered to prove by oral testimony, to defeat his prosecution under article 685, Penal Code, that the hog law was in force in that part of the county where his farm was situated.   The State objected, because records were the best evidence.   The court sustained this, and appellant excepted.   The appellant says the order of election was not entered upon the minutes of the Commissioners Court; hence there was no record to introduce. This is consistent with no election.   If an election was ordered, it was based upon a petition.   If there was such an election, there was an order proclaiming the result.   Notice of the election was given by publishing same in an appropriate newspaper, or by posting such notice at the court house and other places, as required by law.   Now, the appellant complains that the county judge failed to enter upon the minutes of the court the order for the election, because he failed to find such record.   Strange it may seem that he failed to find the petition for the election, the order therein, or a copy thereof, or any paper relating thereto.   How an election could have taken place without some legal step being taken is strange indeed.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.